**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 9 2024

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEATRIZ JUVIANA RECINOS OROZCO, | No. 23-1130 |
| | Agency No. A205-539-610 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Beatriz Juviana Recinos Orozco, a native and citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals (BIA) dismissing

her appeal from an order of an immigration judge (IJ) denying her applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We "review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Under the substantial evidence standard, the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (internal quotation and citation omitted). We deny the petition for review.

1.      Recinos Orozco challenges the agency's denial of her petitions for asylum and withholding of removal. The BIA, like the IJ, assumed that Recinos Orozco's proposed particular social group of "women who resist gangs" was cognizable. The BIA affirmed the IJ's determination that Recinos Orozco failed to demonstrate the requisite nexus between any past or future persecution in Guatemala and a protected ground. Recinos Orozco does not meaningfully challenge the BIA's nexus determination and, thus, has waived review of that issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Because a nexus between the harm and a protected ground is an essential element of claims for asylum and withholding of removal, the agency's unchallenged nexus determination is dispositive. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The

lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

Moreover, substantial evidence supports the agency's determination that Recinos Orozco failed to establish eligibility for asylum and withholding of removal. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim.") (citing *Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (per curiam)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.     Substantial evidence supports the agency's denial of CAT protection. The record does not compel the conclusion that it is more likely than not that Recinos Orozco would be tortured by or with the acquiescence of the government if returned to Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (evidence of generalized violence and crime in Mexico not particular to petitioners did not satisfy the petitioners' burden).

**PETITION DENIED.**